# EXHIBIT 1-A

Cause No. 19-0056 _____

| | | |
|---|---|---|
| JEFFREY DINGER dba CINEMA 4 and | § | IN THE DISTRICT COURT OF |
| ROCKPORT CINEMA, INC. | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | ARANSAS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION & JURY DEMAND

Plaintiffs JEFFREY DINGER dba CINEMA 4 ("Dinger") and ROCKPORT CINEMA,

INC. ("Rockport Cinema") (collectively "Plaintiffs") files this Original Petition against STATE

FARM LLOYDS ("State Farm") and would respectfully show the following:

### Discovery Control Plan

1.      Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure

190.

### Parties

2.      Plaintiff, Jeffrey Dinger is an individual resident in the State of Texas doing business as

Cinema 4 in Aransas County, Texas.

3.      Plaintiff, Rockport Cinema, Inc. is a domestic for-profit located and operating in Aransas

County, Texas.

4.      Upon information and belief, State Farm is a domestic insurance company engaged in the

business of insurance in Texas, operating for the purpose of accumulating monetary profit. State

Farm Lloyd's physical address with the Texas Department of Interest is 1251 State Street, Suite

1000, Richardson Texas. As a domestic insurer, State Farm regularly conducts the business of

insurance in a systematic and continuous manner in the State of Texas. According to its

Page 1 of 14

Electronically Filed
2/21/2019 2:36 PM
District Clerk, Pam Heard
Aransas County, Texas
By: Stephanie Abbott

insurance policy, State Farm may be served with process by serving **Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218**.

### Venue & Jurisdiction

5.      Venue is proper in Aransas County under TEX. CIV. PRAC. & REM. CODE section 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to the claims of Plaintiffs occurred in Aransas County.  In particular, the adjustment of the claim by Defendant for losses under the policy (including payments to be made to Plaintiffs under the policy) were conducted in Aransas County, Texas, and the insured property at issue is located Rockport, Texas, within Aransas County. Investigations and policy representations, including communications to and from Defendant and Plaintiffs (including telephone calls, mailings, and other communications to Plaintiffs) occurred in Aransas County, Texas.  Venue is also proper in Aransas County under TEX. CIV. PRAC. & REM. CODE §15.032 as the insured property is situated in Aransas County, Texas.

6.      Plaintiffs seek damages within the jurisdictional limits of this Court.    At this time, Plaintiffs seek monetary relief in an amount over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to modify the amount and type of relief sought in the future.

<u>Factual Background</u>

*The Property*

7.      Cinema 4 operates as a movie theater located at 2702 Highway 35 N, Rockport, TX 78382-5709, in Aransas County, Texas.

8.      The property is a one-story building consisting of 91,025 square feet of interior space.



*The Policy*

9.      Prior to August 25, 2017, Plaintiffs paid annual premiums, assessments, fees, surcharges, and taxes to State Farm to acquire businessowners insurance coverage for the Property under Policy No. 90-J2-2658-2.

10.     The Policy provides coverage for Plaintiffs, for covered damages that occurred during the Policy Period, from May 26, 2017 through May 26, 2018.  In exchange for Plaintiffs' premium payment, the Plaintiffs' Policy includes the following limits and coverages, in relevant part:

| Location Number | Location of Described Premises | Limit of Insurance* Coverage A - Buildings | Limit of Insurance* Coverage B - Business Personal Property | Seasonal Increase- Business Personal Property |
|---|---|---|---|---|
| 001 | 2702 HIGHWAY 35 N ROCKPORT TX 78382-5709 | No Coverage | $  585,500 | 25% |

\* As of the effective date of this policy, the Limit of Insurance as shown includes any increase in the limit due to Inflation Coverage.

**SECTION I - EXTENSIONS OF COVERAGE - LIMIT OF INSURANCE - PER POLICY**

The coverages and corresponding limits shown below are the most we will pay regardless of the number of described premises shown in these Declarations.

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Loss Of Income And Extra Expense | Actual Loss Sustained - 12 Months |

11.     As evidence by the Declarations Page and confirmed in the Policy provisions, the Policy provides coverage to the Property's business personal property up to $585,000. The Policy also provide coverage for Loss of Income up to the actual loss sustained. *See* Ex. A, Policy, at Declarations Pages.

***Hurricane Harvey***

12.     On or about August 25, 2017, Hurricane Harvey, recognized as one of the most devastating natural disasters in United States history, made landfall on the Texas coast in San Patricio County and Aransas County as a Category 4 hurricane. Wind gusts of up to 132 miles per hour were reported within the same area of the Property. Rockport, Texas experienced wind speeds of up to 150 miles per hour. The First American Weather Service has stated that these wind speeds are likely underestimated in coastal areas such as San Patricio County due to disabled equipment at the time Harvey made landfall.  Hurricane Harvey continued to travel through the southeast part of Texas, inflicting billions of dollars in damages to private and public property. The Texas Division of Emergency Management incurred more than $439 million in

Page 4 of 14

costs associated with debris removal, public property damage, and police/EMS response immediately after Harvey. Texas Governor Greg Abbott has estimated that Hurricane Harvey's damages will total an historic $180 billion.

*Plaintiffs make insurance claim for damages*

13.     As a result of Harvey's extreme winds and rain when it hit the Texas Coast on or about August 25, 2017, the Property was substantially damaged. The catastrophic wind and rain caused substantial damage, including damage to the signage, furniture, fixtures, cameras, movie theatres, screens, and more. The following photographs taken after Harvey depict some of the damages:

 



14.     The Property was substantially damaged by the storm.  Yet as devastating as the physical

damage was, Plaintiffs felt fortunate to be protected by the insurance coverage they had procured to

insure the Property from precisely this type of catastrophe.  Immediately after the storm, Plaintiffs

promptly filed a claim with State Farm, alerting them to the extensive damages.  This sense of

security, borne of pricey contractual relationship, would prove illusory as Defendant began their

investigation and handling of the claim.

***Plaintiffs work hard to document its damages for Defendant but received a denial.***

15.     State Farm's claim-handling process resulted in wrongful underpayment and omitted

important facts, physical evidence, and meteorological data supporting Plaintiffs' claim and

extensive losses.  On September 15, 2017, Larry Anderson personally and partially inspected the

property to determine the scope of damages that resulted from hurricane-force wind. State Farm

underpaid Plaintiffs for the covered damage to their Business Personal Property. State Farm also dramatically underpaid Plaintiffs' Loss of Income/Business Interruption claim. On July 17, 2018, State Farm denied any claim handling errors and also denied any further payments.

16.     Plaintiffs were forced to hire their own consultants. These consultants identified dramatic damage that ruined the building's interior and business personal property. Despite clear evidence of covered damages, State Farm failed to issue the full payment owed under the insurance policy covering the Plaintiffs' property and instead authorized the continued delays and underpayments.

17.     State Farm violated the Texas Insurance Code but begrudgingly paid $395,555.09 on January 21, 2019. Since the August 2017 Hurricane, State Farm acted unreasonably, underpaid the amounts it ultimately and belatedly conceded, further delayed full payment, and took deductions in violation of the Texas Department of Insurance's regulations. To be sure, State Farm unreasonably applied a period of restoration entirely inconsistent with its own refusal to pay the claim benefits until January 21, 2019, refused to fully pay for the actual income loss sustained as was promised in the policy contract, unreasonably applied depreciation in contravention of published Texas Department of Insurance Rules, and further refused to acknowledge additional business personal property damages. State Farm's conceded illegal delays caused additional business losses as well as financial impacts including the hiring of consultants and attorneys to force State Farm to accept even some responsibility.

18.     To this day, due to State Farm's inadequate and haphazard investigation, State Farm has refused to fully pay for covered damages under the Policy.

### *State Farm misses deadlines to respond to Plaintiffs' demand letter*

19.     On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state

representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive pre-suit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Plaintiffs to avoid protracted litigation over a clear claim.

20.     In compliance with Section 542A.003, Plaintiffs gave its pre-suit notice to State Farm on November 19, 2018.  The pre-suit notice provided a comprehensive outline of Plaintiffs' claim and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

21.     State Farm did not timely respond to the demand letter.  As set forth above, State Farm begrudgingly paid some amounts it clearly knew it owed for several months on January 21, 2019 and continued other violations of the contract and Texas Insurance Code by refusing to pay the full amount of benefits.

### FIRST CAUSE OF ACTION---Violations of Texas Insurance Code

22.     Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

23.     State Farm failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

24.     State Farm failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

25. State Farm failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

26. State Farm refused to pay the claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

27. State Farm misrepresented the insurance policies under which it affords property coverage to Plaintiffs, by making an untrue statement of material facts, in violation of Texas Insurance Code Section 541.061 (1).

28. State Farm misrepresented the insurance policies under which it affords property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061(2).

29. State Farm misrepresented the insurance policies under which it affords property coverage to Plaintiffs by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material facts and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

30. State Farm knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## SECOND CAUSE OF ACTION---Prompt Payment of Claim

31. Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

32. State Farm failed to acknowledge receipt of the claim in violation of Texas Insurance Code

Section 542.055 (a)(1).

33.     State Farm failed to timely commence investigation of the claim or to request from Plaintiffs any additional items, statements or forms that the Defendant reasonably believes to be required from Plaintiffs in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

34.     State Farm failed to notify Plaintiffs in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by the Defendant in violation of Texas Insurance Code Section 542.056(a). The delay was egregious, unnecessary, and wholly caused by the Defendant.

35.     State Farm delayed payment of Plaintiffs' claim in violation of Texas Insurance Code Section 542.058(a).

36.     Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were producing cause of Plaintiffs' damages.

## THIRD CAUSE OF ACTION---Statutory Interest

37.     Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

38.     Plaintiffs makes a claim for statutory interest penalties along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

## FOURTH CAUSE OF ACTION---Breach of Contract

39.     Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

40.    As outlined above, State Farm breached its contract with Plaintiffs by refusing to pay for covered damages under the Policy.  As a result of State Farm's breach, Plaintiffs suffered legal damages.

### FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

41.    Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

42.    State Farm as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with Plaintiffs in the processing of the claim.  State Farm breached this duty by refusing to properly investigate and effectively denying insurance benefits.  State Farm knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of State Farm's breach of these legal duties, Plaintiffs suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

43.    Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

44.    State Farm acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiffs' claim for benefits.  Further, State Farm had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

45.    Plaintiffs re-alleges and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

46.    The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  State

Farm's violations of the Texas Insurance Code create a cause of action under the DTPA. State Farm's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. State Farm has also acted unconscionably, as that term is defined under the DTPA.

47.     Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiffs' damages.

## KNOWLEDGE

48.     Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages.

## RESULTING LEGAL DAMAGES

49.     Plaintiffs are entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Plaintiffs are entitled to exemplary damages.

50.     As a result of Defendant's acts and/or omissions, Plaintiffs have sustained damages in excess of the minimum jurisdictional limits of this Court.

51.     Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

52.     Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiffs to the attorneys' fees, treble damages, and other penalties provided by law.

53.     Plaintiffs are entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

54.     As a result of Defendant's acts and/or omissions, Plaintiffs have sustained damages in excess of the jurisdictional limits of this Court.

55.     Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

56.     Plaintiffs are entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the T& Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Plaintiffs have judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

RAIZNER SLANIA LLP

JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
BEN WICKERT
State Bar No. 24066290
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: (713)554.9099
Fax: (713)554.9098
**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

*Plaintiffs hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

**ANDREW P. SLANIA**

19-0056

**STATE FARM LLOYDS**
*A LLOYDS COMPANY IN RICHARDSON, TEXAS*

Po Box 853926
Richardson, TX 75085-3926

**Named Insured**

AT2                    M-25-8295-FB0A F N
                005659  3125
DINGER, JEFFERY
DBA CINEMA 4
PO BOX 634
ROCKPORT TX  78381-0634

**RENEWAL DECLARATIONS**

| Policy Number | 90-J2-2658-2 |
|---|---|

| Policy Period | Effective Date | Expiration Date |
|---|---|---|
| 12 Months | MAY 26 2017 | MAY 26 2018 |

The policy period begins and ends at 12:01 am standard time at the premises location.

**Agent and Mailing Address**
CHARLIE ANDERSON  CLU, CHFC
12710 RSRCH BLVD STE 210
AUSTIN TX  78759-4382

**PHONE: (512) 258-2231**

## Businessowners Policy

Automatic Renewal - If the policy period is shown as 12 months, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Entity: Individual

NOTICE:  Information concerning changes in your policy language is included. Please call your agent if you have any questions.

POLICY PREMIUM          $  10,757.00

Discounts Applied:
Renewal Year
Years in Business
Claim Record

Prepared
MAR 13 2017
CMP-4000
035605 294   I
N   0,1U,Y1

© Copyright, State Farm Mutual Automobile Insurance  Company, 2008
Includes copyrighted material of Insurance Services  Office, Inc., with its permission.
EXHIBIT "A"
Continued on Reverse Side of Page

530-586 a.2 05-31-2011  (af4223fc)

M 35605

**RENEWAL DECLARATIONS (CONTINUED)**

Businessowners Policy for DINGER, JEFFERY
Policy Number        90-J2-2658-2

**SECTION I - PROPERTY SCHEDULE**

| Location Number | Location of Described Premises | Limit of Insurance* Coverage A - Buildings | Limit of Insurance* Coverage B - Business Personal Property | Seasonal Increase- Business Personal Property |
|---|---|---|---|---|
| 001 | 2702 HIGHWAY 35 N ROCKPORT TX 78382-5709 | No Coverage | $  585,500 | 25% |

* As of the effective date of this policy, the Limit of Insurance as shown includes any increase in the limit due to Inflation Coverage.

**SECTION I - INFLATION COVERAGE INDEX(ES)**

Cov A - Inflation Coverage Index:          N/A
Cov B - Consumer Price Index:              242.8

**SECTION I - DEDUCTIBLES**

Basic Deductible                $1,000

Special Deductibles:

Money and Securities            $250              Equipment Breakdown            $1,000

The Inflation Coverage provision may change your deductible. Refer to page 17 of your policy.

MAR 13 2017

Prepared
MAR 13 2017
CMP-4000
035605

© Copyright, State Farm Mutual Automobile Insurance  Company, 2008
Includes copyrighted material of Insurance Services  Office, Inc., with its permission.
EXHIBIT "A"
Continued on Next Page

Page  2 of  8

M 36605

## RENEWAL DECLARATIONS (CONTINUED)

**Businessowners Policy for DINGER, JEFFERY**
**Policy Number        90-J2-2658-2**



### SECTION I - EXTENSIONS OF COVERAGE - LIMIT OF INSURANCE - EACH DESCRIBED PREMISES

The coverages and corresponding limits shown below apply separately to each described premises shown in these
Declarations, unless indicated by "See Schedule." If a coverage does not have a corresponding limit shown below,
but has "Included" indicated, please refer to that policy provision for an explanation of that coverage.

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Accounts Receivable | |
| On Premises | $10,000 |
| Off Premises | $5,000 |
| Arson Reward | $5,000 |
| Collapse | Included |
| Damage To Non-Owned Buildings From Theft, Burglary Or Robbery | Coverage B Limit |
| Debris Removal | 25% of covered loss |
| Equipment Breakdown | Included |
| Fire Extinguisher Systems Recharge Expense | $5,000 |
| Forgery Or Alteration | $10,000 |
| Glass Expenses | Included |
| Increased Cost Of Construction And Demolition Costs (applies only when buildings are insured on a replacement cost basis) | 10% |
| Money And Securities (Off Premises) | $2,000 |
| Money And Securities (On Premises) | $5,000 |
| Money Orders And Counterfeit Money | $1,000 |
| Newly Acquired Business Personal Property (applies only if this policy provides Coverage B - Business Personal Property) | $100,000 |
| Newly Acquired Or Constructed Buildings (applies only if this policy provides Coverage A - Buildings) | $250,000 |
| Ordinance Or Law - Equipment Coverage | Included |

Prepared
MAR 13 2017
CMP-4000

035606 294
N

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"
Continued on Reverse Side of Page

Page  3 of  8

M 36605

**RENEWAL DECLARATIONS (CONTINUED)**

Businessowners Policy for DINGER, JEFFERY
Policy Number         90-J2-2658-2

| | |
|---|---|
| Outdoor Property | $5,000 |
| Personal Effects (applies only to those premises provided Coverage B - Business Personal Property) | $2,500 |
| Personal Property Off Premises | $15,000 |
| Pollutant Clean Up And Removal | $10,000 |
| Preservation Of Property | 30 Days |
| Property Of Others (applies only to those premises provided Coverage B - Business Personal Property) | $2,500 |
| Signs | $8,000 |
| Valuable Papers And Records | |
| On Premises | $10,000 |
| Off Premises | $5,000 |
| Water Damage, Other Liquids, Powder Or Molten Material Damage | Included |

---

**SECTION I - EXTENSIONS OF COVERAGE - LIMIT OF INSURANCE - PER POLICY**

The coverages and corresponding limits shown below are the most we will pay regardless of the number of described premises shown in these Declarations.

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Loss Of Income And Extra Expense | Actual Loss Sustained - 12 Months |

---

**SECTION II - LIABILITY**

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Coverage L - Business Liability | $500,000 |

Prepared
MAR 13 2017
CMP-4000
035606

© Copyright, State Farm Mutual Automobile Insurance  Company, 2008
Includes copyrighted material of Insurance Services  Office, Inc., with its permission.

EXHIBIT "A"
Continued on Next Page

MAR 13 2017

M 36605

## RENEWAL DECLARATIONS (CONTINUED)

**Businessowners Policy for DINGER, JEFFERY**
**Policy Number        90-J2-2658-2**

| | |
|---|---:|
| Coverage M - Medical Expenses (Any One Person) | $5,000 |
| Damage To Premises Rented To You | $300,000 |

| AGGREGATE LIMITS | LIMIT OF INSURANCE |
|---|---:|
| Products/Completed Operations Aggregate | $1,000,000 |
| General Aggregate | $1,000,000 |

Each paid claim for Liability Coverage reduces the amount of insurance we provide during the applicable annual period. Please refer to Section II - Liability in the Coverage Form and any attached endorsements.

Your policy consists of these Declarations, the BUSINESSOWNERS COVERAGE FORM shown below, and any other forms and endorsements that apply, including those shown below as well as those issued subsequent to the issuance of this policy.

## FORMS AND ENDORSEMENTS

| | |
|---|---|
| CMP-4100 | Businessowners Coverage Form |
| FE-3650 | *Actual Cash Value Endorsement |
| FE-6999.2 | *Terrorism Insurance Cov Notice |
| CMP-4243.1 | Amendatory Endorsement |
| CMP-4802 | Addl Insd Lessor of Leased Eqp. |
| CMP-4766 | Theft Deletion (Cov B Only) |
| CMP-4755 | Limitation Designated Premises |
| CMP-4709 | Money and Securities |
| CMP-4705 | Loss of Income & Extra Expnse |
| CMP-4875 | Loss Payable |
| FD-6007 | Inland Marine Attach Dec |
| | * New Form Attached |

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"
Continued on Reverse Side of Page

M 35605

## RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for DINGER, JEFFERY
Policy Number      90-J2-2658-2

### SCHEDULE OF ADDITIONAL INTERESTS

Interest Type:    Addl Insured-Section II
Endorsement #: CMP4802
Loan Number:   N/A

Interest Type:   Loss Payee
Endorsement #: CMP4875
Loan Number:   11120924

THE GROCERS SUPPLY CO INC
C/O REAL ESTATE DEPT
PO BOX 14200
HOUSTON TX      772214200

AMERICAN BANK NA
PO BOX 6469
CORP CHRISTI TX    784666469

MAR 13 2017

Prepared
MAR 13 2017
CMP-4000

035607

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.
EXHIBIT "A"
Continued on Next Page

M 35605

## RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for DINGER, JEFFERY
Policy Number        90-J2-2658-2

This policy is issued by State Farm Lloyds:

SERVICE OF PROCESS - Service of Process may be had upon the State Official duly designated for such purpose in the state in which the property insured hereunder is located if State Farm Lloyds is licensed in such state; or upon the Commissioner of Insurance of the State of Texas; or upon the duly appointed Attorney-In-Fact for State Farm Lloyds at Richardson, Texas. Underwriters at State Farm Lloyds have complied with the laws of the State of Texas regulating Lloyds plan insurance and said statutes are hereby made a part of the policy. The entire assets of State Farm Lloyds supports its policies, but each individual underwriter's liability is several and not joint and is limited by law to the amount fixed by his/her underwriter's contract and subscription and no underwriter is liable as a partner. This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no agent or other representative of State Farm Lloyds shall have the power to waive any provision or condition of this policy. This policy is non-assessable and no contingent liability of any kind and character attaches to the insured named herein.

In Witness Whereof, State Farm Lloyds has caused this policy to be signed by its President and Secretary.

State Farm Lloyds

By:

Secretary
State Farm Lloyds, Inc.
Attorney-In-Fact

President
State Farm Lloyds, Inc.
Attorney-In-Fact

Prepared
MAR 13 2017
CMP-4000

035606 294
N

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

Continued on Reverse Side of Page

Page  7 of  8

M 35605

### RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for DINGER, JEFFERY
Policy Number        90-J2-2658-2

**NOTICE TO POLICYHOLDER:**

For a comprehensive description of coverages and forms, please refer to your policy.

Policy changes requested before the "Date Prepared", which appear on this notice, are effective on the Renewal Date of this policy unless otherwise indicated by a separate endorsement, binder, or amended declarations. Any coverage forms attached to this notice are also effective on the Renewal Date of this policy.

Policy changes requested after the "Date Prepared" will be sent to you as an amended declarations or as an endorsement to your policy. Billing for any additional premium for such changes will be mailed at a later date.

If, during the past year, you've acquired any valuable property items, made any improvements to insured property, or have any questions about your insurance coverage, contact your State Farm agent.

Please keep this with your policy.

**Your coverage amount....**

It is up to you to choose the coverage and limits that meet your needs. We recommend that you purchase a coverage limit equal to the estimated replacement cost of your structure. Replacement cost estimates are available from building contractors and replacement cost appraisers, or, your agent can provide an estimate from Xactware, Inc.® using information you provide about your structure. We can accept the type of estimate you choose as long as it provides a reasonable level of detail about your structure. State Farm does not guarantee that any estimate will be the actual future cost to rebuild your structure. Higher limits are available at higher premiums. Lower limits are also available, as long as the amount of coverage meets our underwriting requirements. We encourage you to periodically review your coverages and limits with your agent and to notify us of any changes or additions to your structure.

MAR 13 2017

Prepared
MAR 13 2017
CMP-4000

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

Page  8 of  8

035608 294
N

**STATE FARM LLOYDS**
*A LLOYDS COMPANY IN RICHARDSON, TEXAS*

Po Box 853925
Richardson, TX 75085-3925

M-25-8295-FB0A  F  N

**Named Insured**

DINGER, JEFFERY
DBA CINEMA 4
PO BOX 634
ROCKPORT TX  78381-0634

**INLAND MARINE ATTACHING DECLARATIONS**

| Policy Number | 90-J2-2658-2 | |
|---|---|---|
| **Policy Period** | **Effective Date** | **Expiration Date** |
| 12 Months | MAY 26 2017 | MAY 26 2018 |

The policy period begins and ends at 12:01 am standard time at the premises location.

## ATTACHING INLAND MARINE

**Automatic Renewal** - If the policy period is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Annual Policy Premium**       Included

The above Premium Amount is included in the Policy Premium shown on the Declarations.

Your policy consists of these Declarations, the INLAND MARINE CONDITIONS shown below, and any other forms and endorsements that apply, including those shown below as well as those issued subsequent to the issuance of this policy.

**Forms, Options, and Endorsements**

| | |
|---|---|
| FE-8739 | Inland Marine Conditions |
| FE-6865 | Amend of Inland Marine Condtns |
| FE-8743 | Inland Marine Computer Prop |

See Reverse for Schedule Page with Limits

Prepared
MAR 13 2017
FD-6007
035609

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

530-585 a.2 05-31-2311 (o12232c)

90-J2-2658-2                                                                 M 35605

### ATTACHING INLAND MARINE SCHEDULE PAGE

ATTACHING INLAND MARINE

| ENDORSEMENT NUMBER | COVERAGE | LIMIT OF INSURANCE | DEDUCTIBLE AMOUNT | ANNUAL PREMIUM |
|---|---|---|---|---|
| FE-8743 | Inland Marine Computer Prop | $ 25,000 | $ 500 | Included |
| | Loss of Income and Extra Expense | $ 25,000 | | Included |

M48 13 2017

Prepared
MAR 13 2017
FD-6007

035609

OTHER LIMITS AND EXCLUSIONS MAY APPLY - REFER TO YOUR POLICY

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

552 686 a.2 05-31-2011 (c1f3233c)

90-J2-2658-2      035610

FE-3650F
Page 1 of 1

# IMPORTANT NOTICE

Effective with this policy term, FE-3650 ACTUAL CASH VALUE ENDORSEMENT is added to your policy.

This endorsement describes what the term "actual cash value" means where used in the policy. However, this endorsement does not change any replacement cost coverage that exists in the policy.

This notice summarizes the changes being made to your policy.  Please read the new endorsement carefully and note the following changes:

### POTENTIAL REDUCTION IN COVERAGE

Although not intended to change coverage, this change could potentially reduce or eliminate coverage depending on how it is interpreted and, in that regard, should be viewed as either an actual or potential reduction in or elimination of coverage.

- This endorsement defines "actual cash value" to mean the value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation.  All components of this estimated cost, such as materials, labor, overhead, and profit, are subject to depreciation.  The depreciation deduction may include such considerations as age, condition, reduction in useful life, obsolescence, and any pre-loss damage including wear, tear, or deterioration.

Endorsement FE-3650 follows this notice.  Please read it thoroughly and place it with your policy.  If you have any questions about the information in this notice, please contact your State Farm® agent.

This notice is a general description of coverage and/or coverage changes and is not a statement of contract.  This message does not change, modify, or invalidate any of the provisions, terms, or conditions of your policy, or any other applicable endorsements.

## FE-3650 ACTUAL CASH VALUE ENDORSEMENT

The following is added to any provision which uses the term "actual cash value":

Actual cash value means the value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation.  For this calculation, all components of this estimated cost including, but not limited to:

1. materials, including any tax;
2. labor, including any tax; and
3. overhead and profit;

are subject to depreciation.

The depreciation deduction may include such considerations as:

1. age;
2. condition;
3. reduction in useful life;
4. obsolescence; and
5. any pre-loss damage including wear, tear, or deterioration;

of the damaged part of the property.

All other policy provisions apply.

FE-3650

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

EXHIBIT "A"

(CONTINUED)

90-J2-2658-2    035610

M 35605

FE-6999.2
Page 1 of 1

In accordance with the Terrorism Risk Insurance Act of 2002 as amended and extended by the Terrorism Risk Insurance Program Reauthorization Act of 2015, this disclosure is part of your policy.

## FE-6999.2 POLICYHOLDER DISCLOSURE NOTICE OF TERRORISM INSURANCE COVERAGE

Coverage for acts of terrorism is not excluded from your current policy. However your policy does contain other exclusions which may be applicable, such as an exclusion for nuclear hazard. You are hereby notified that under the Terrorism Risk Insurance Act, as amended in 2015, the definition of act of terrorism has changed. As defined in Section 102(1) of the Act: The term "act of terrorism" means any act that is certified by the Secretary of the Treasury—in consultation with the Secretary of Homeland Security, and the Attorney General of the United States—to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. Under this policy, any covered losses resulting from certified acts of terrorism may be partially reimbursed by the United States Government under a formula established by the Terrorism Risk Insurance Act, as amended. Under the formula, the United States Government generally reimburses 85% through 2015; 84% beginning on January 1, 2016; 83% beginning on

January 1, 2017; 82% beginning on January 1, 2018; 81% beginning on January 1, 2019; and 80% beginning on January 1, 2020 of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. The Terrorism Risk Insurance Act, as amended, contains a $100 billion cap that limits U.S. Government reimbursement as well as insurers' liability for losses resulting from certified acts of terrorism when the amount of such losses exceeds $100 billion in any one calendar year. If the aggregate insured losses for all insurers exceed $100 billion, your coverage may be reduced.

There is no separate premium charged to cover insured losses caused by terrorism. Your insurance policy establishes the coverage that exists for insured losses. This notice does not expand coverage beyond that described in your policy.

THIS IS YOUR NOTIFICATION THAT UNDER THE TERRORISM RISK INSURANCE ACT, AS AMENDED, ANY LOSSES RESULTING FROM CERTIFIED ACTS OF TERRORISM UNDER YOUR POLICY MAY BE PARTIALLY REIMBURSED BY THE UNITED STATES GOVERNMENT AND MAY BE SUBJECT TO A $100 BILLION CAP THAT MAY REDUCE YOUR COVERAGE.

FE-6999.2

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

EXHIBIT "A"

90-J2-2658-2    035611

553-2864 TX.4

# BUSINESS OWNERS AND MANAGERS:   Is Loss Control Part Of Your Business?

We at State Farm® feel that Loss Control is an important management tool and that it should be part of your business operation.

**Loss Control** – Is simply a way to prevent accidents, or to reduce the effects of those accidents on your business, your employees and your customers.

**Failure To Control Losses**

- Increases insurance cost, operating costs, and increased liability to the owner.
- Decreases profits, operating efficiency, productivity, product quality, and employee/customer confidence.

**Why You Need A Loss Control Program**

- Concern for the welfare of your employees, customers, and the general public.
- Control of the dollar losses due to accidents, lost time of workers, and your administrative time following accidents.  Insurance will cover many of the direct costs of these accidents, but many of the "hidden" costs of these accidents come out of your pocket.
- Compliance with provisions of federal and state laws and regulations.

**Essential Elements of a Loss Control Program**

- A written Loss Control policy that states management's commitment and support of the program.
- Assignment of specific responsibilities and accountabilities for program areas.

- Specific methods to recognize, evaluate and control hazards such as:
    - Selection and training of employees.
    - Establish and enforce safety rules.
    - Regular inspections of your business.
    - Regular maintenance programs.
    - Review of all accidents.
    - Maintain accurate records to monitor program progress and measure long term trends.

**State Farm Can Help** – We can provide additional information to help you with:

- Establishing a loss control program
- Evaluating your loss control efforts
- Safety training
- Safety consultations

**For additional information, please complete the information below and mail it to:**

State Farm Lloyds
P.O. Box 853925
Richardson, TX 75085-3922
Attn: Business Lines Loss Control Services

Phone: 844-892-8286

Email: ntex.comund-lossctrl.534608@statefarm.com

---

*State Farm services are not intended to be inclusive of all potential accident sources, nor are they intended to warrant your compliance with any federal, state or local laws.*

---

Attention:    Business Lines Loss Control Services

I AM INTERESTED IN RECEIVING INFORMATION REGARDING STATE FARM LIABILITY LOSS CONTROL SERVICES.

☐ Establishing a Loss Control Program

☐ Consultations on new or existing Commercial Liability Loss Control Programs

☐ Other: _____

Name _____

Address _____

City _____ State _____ Zip _____ Phone Number _____

Policy Number _____ State Farm agent _____

EXHIBIT "A"

553-2864.TX.4 (C)

90-J2-2658-2     035611                                    M 36605

EXHIBIT "A"
(CONTINUED)

90-J2-2658-2    035612

553-3653 TX.3

# IMPORTANT NOTICE

To obtain information or make a complaint:

You may call the State Farm® toll-free telephone number for information or to make a complaint at:

**800-STATEFARM (1-800-782-8332)**

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

**1-800-252-3439**

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
Fax: (512) 490-1007
Web: www.tdi.texas.gov
E-mail: ConsumerProtection@tdi.texas.gov

To obtain price and policy form comparisons and other information relating to residential property insurance and personal automobile insurance, you may visit the Texas Department of Insurance/ Office of Public Insurance Counsel website:

**www.helpinsure.com**

PREMIUM OR CLAIM DISPUTES:
Should you have a dispute concerning your premium or about a claim you should contact the agent first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

ATTACH THIS NOTICE TO YOUR POLICY:
This notice is for information only and does not become a part or condition of the attached document.

553-3653 TX.3 (C)

# AVISO IMPORTANTE

Para obtener información o para presentar una queja:

Usted puede llamar al número de teléfono gratuito de State Farm® para obtener información o para presentar una queja al:

**800-STATEFARM (800-782-8332)**

Usted puede comunicarse con el Departamento de Seguros de Texas para obtener otra información sobre compañías, coberturas, derechos o quejas al:

**1-800-252-3439**

Usted puede escribir al Departamento de Seguros de Texas:

P.O. Box 149104
Austin, TX 78714-9104
Fax: (512) 490-1007
Web: www.tdi.texas.gov
E-mail: ConsumerProtection@tdi.texas.gov

Para obtener formas para la comparación de precios y pólizas y para obtener otra información sobre el seguro de propiedad residencial y de seguro de automóvil personal, visite el sitio web del Departamento de Seguros de Texas/Oficina del Asesor Público de Seguros:

**www.helpinsure.com**

DISPUTAS SOBRA PRIMAS DE O RECLAMACIONES:
Si tiene una disputa relacionada con su prima de seguro o con una reclamación, usted debe comunicarse con el agente primero. Si la disputa no es resuelta, puede comunicarse con Departamento de Seguros de Texas.

ADJUNTE ESTE AVISO A SU PÓLIZA:
Este aviso es solamente para propósito de informativos y no se convierte en parte o en condición del documento adjunto.

EXHIBIT "A"

(CONTINUED)

90-J2-2658-2     035612                                    M 35605

553-3947

# IMPORTANT NOTICE:  OFFER OF UPDATED POLICY

We value you as a customer and are offering you our updated policy.  The current policy will no longer be available to you or our other customers.

To accept our offer of the updated policy, please:

- Read the information provided with each enclosed endorsement for details about the changes in coverage.

- Pay the amount due by following the premium payment instructions found on the Balance Due Notice.  If you use the State Farm Payment Plan, continue to make your monthly payment to accept our offer of the updated policy.

If you do not want to accept our offer of the updated policy, please contact your State Farm agent.

Some of the changes could be considered reductions in coverage; as such, this insert serves as notice that your current policy will not be renewed and the coverage it provides will not extend beyond its expiration date.

THANK YOU FOR CHOOSING STATE FARM.  WE APPRECIATE YOUR BUSINESS.

Questions?  Please call your State Farm agent.  Callers who are hearing or speech impaired should call 711.

553-3947 (C)

EXHIBIT "A"

**STATE FARM LLOYDS**
*A LLOYDS COMPANY IN RICHARDSON, TEXAS*

Po Box 853926
Richardson, TX 75085-3926

**Loss Payee**

AT2                    M-25-8295-FB0A  F  N
          005860  3125
AMERICAN BANK NA
PO BOX 6469
CORP CHRISTI TX  78466-6469

**RENEWAL DECLARATIONS**

| Policy Number | 90-J2-2658-2 |
|---|---|

| Policy Period | Effective Date | Expiration Date |
|---|---|---|
| 12 Months | MAY 26 2017 | MAY 26 2018 |

The policy period begins and ends at 12:01 am standard time at the premises location.

**Named Insured**
DINGER, JEFFERY
DBA CINEMA 4
PO BOX 634
ROCKPORT TX  78381-0634

## Businessowners Policy

**Automatic Renewal** - If the policy period is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Entity: Individual

NOTICE: Information concerning changes in your policy language is included. Please call your agent if you have any questions.

POLICY PREMIUM            $  10,757.00

Discounts Applied:
  Renewal Year
  Years in Business
  Claim Record

Prepared
MAR 13 2017
CMP-4000

035613 294  AI
N

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

Continued on Reverse Side of Page                    Page  1 of  7

530-656 a.2 05-31-2011  (cif721c)

RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for AMERICAN BANK NA
Policy Number        90-J2-2658-2

## SECTION I - PROPERTY SCHEDULE

| Location Number | Location of Described Premises | Limit of Insurance* Coverage A - Buildings | Limit of Insurance* Coverage B - Business Personal Property | Seasonal Increase-Business Personal Property |
|---|---|---|---|---|
| 001 | 2702 HIGHWAY 35 N ROCKPORT TX 78382-5709 | No Coverage | $ 585,500 | 25% |

* As of the effective date of this policy, the Limit of Insurance as shown includes any increase in the limit due to Inflation Coverage.

## SECTION I - INFLATION COVERAGE INDEX(ES)

Cov A - Inflation Coverage Index:        N/A
Cov B - Consumer Price Index:            242.8

## SECTION I - DEDUCTIBLES

**Basic Deductible**        $1,000

**Special Deductibles:**

Money and Securities        $250        Equipment Breakdown        $1,000

The Inflation Coverage provision may change your deductible. Refer to page 17 of your policy.

Prepared
MAR 13 2017
CMP-4000
035613

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.
EXHIBIT "A"
Continued on Next Page

Page 2 of 7

## RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for AMERICAN BANK NA
Policy Number          90-J2-2658-2

### SECTION I - EXTENSIONS OF COVERAGE - LIMIT OF INSURANCE - EACH DESCRIBED PREMISES

The coverages and corresponding limits shown below apply separately to each described premises shown in these Declarations, unless indicated by "See Schedule." If a coverage does not have a corresponding limit shown below, but has "Included" indicated, please refer to that policy provision for an explanation of that coverage.

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Accounts Receivable | |
| On Premises | $10,000 |
| Off Premises | $5,000 |
| Arson Reward | $5,000 |
| Collapse | Included |
| Damage To Non-Owned Buildings From Theft, Burglary Or Robbery | Coverage B Limit |
| Debris Removal | 25% of covered loss |
| Equipment Breakdown | Included |
| Fire Extinguisher Systems Recharge Expense | $5,000 |
| Forgery Or Alteration | $10,000 |
| Glass Expenses | Included |
| Increased Cost Of Construction And Demolition Costs (applies only when buildings are insured on a replacement cost basis) | 10% |
| Money And Securities (Off Premises) | $2,000 |
| Money And Securities (On Premises) | $5,000 |
| Money Orders And Counterfeit Money | $1,000 |
| Newly Acquired Business Personal Property (applies only if this policy provides Coverage B - Business Personal Property) | $100,000 |
| Newly Acquired Or Constructed Buildings (applies only if this policy provides Coverage A - Buildings) | $250,000 |
| Ordinance Or Law - Equipment Coverage | Included |

Prepared
MAR 13 2017
CMP-4000

035614 294
N

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

Continued on Reverse Side of Page

Page  3 of  7

## RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for AMERICAN BANK NA
Policy Number          90-J2-2658-2

| | |
|---|---|
| Outdoor Property | $5,000 |
| Personal Effects (applies only to those premises provided Coverage B - Business Personal Property) | $2,500 |
| Personal Property Off Premises | $15,000 |
| Pollutant Clean Up And Removal | $10,000 |
| Preservation Of Property | 30 Days |
| Property Of Others (applies only to those premises provided Coverage B – Business Personal Property) | $2,500 |
| Signs | $8,000 |
| Valuable Papers And Records | |
|   On Premises | $10,000 |
|   Off Premises | $5,000 |
| Water Damage, Other Liquids, Powder Or Molten Material Damage | Included |

SECTION I - EXTENSIONS OF COVERAGE - LIMIT OF INSURANCE - PER POLICY

The coverages and corresponding limits shown below are the most we will pay regardless of the number of described premises shown in these Declarations.

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Loss Of Income And Extra Expense | Actual Loss Sustained - 12 Months |

SECTION II - LIABILITY

| COVERAGE | LIMIT OF INSURANCE |
|---|---|
| Coverage L - Business Liability | $500,000 |

Prepared
MAR 13 2017
CMP-4000
035614

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

Continued on Next Page

## RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for AMERICAN BANK NA
Policy Number          90-J2-2658-2

| | |
|---|---|
| Coverage M - Medical Expenses (Any One Person) | $5,000 |
| Damage To Premises Rented To You | $300,000 |

| AGGREGATE LIMITS | LIMIT OF INSURANCE |
|---|---|
| Products/Completed Operations Aggregate | $1,000,000 |
| General Aggregate | $1,000,000 |

Each paid claim for Liability Coverage reduces the amount of insurance we provide during the applicable annual period. Please refer to Section II - Liability in the Coverage Form and any attached endorsements.

Your policy consists of these Declarations, the BUSINESSOWNERS COVERAGE FORM shown below, and any other forms and endorsements that apply, including those shown below as well as those issued subsequent to the issuance of this policy.

### FORMS AND ENDORSEMENTS

| | |
|---|---|
| CMP-4100 | Businessowners Coverage Form |
| FE-3650 | *Actual Cash Value Endorsement |
| FE-6999.2 | *Terrorism Insurance Cov Notice |
| CMP-4243.1 | Amendatory Endorsement |
| CMP-4802 | Addl Insd Lessor of Leased Eqp |
| CMP-4766 | Theft Deletion (Cov B Only) |
| CMP-4755 | Limitation Designated Premises |
| CMP-4709 | Money and Securities |
| CMP-4705 | Loss of Income & Extra Expnse |
| CMP-4875 | Loss Payable |
| FD-6007 | Inland Marine Attach Dec |
| | * New Form Attached |

Prepared
MAR 13 2017
CMP-4000
035615 294
N

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Continued on Reverse Side of Page

EXHIBIT "A"

Page 5 of 7

### RENEWAL DECLARATIONS (CONTINUED)

Businessowners Policy for AMERICAN BANK NA
Policy Number         90-J2-2658-2

This policy is issued by State Farm Lloyds.

SERVICE OF PROCESS - Service of Process may be had upon the State Official duly designated for such purpose in the state in which the property insured hereunder is located if State Farm Lloyds is licensed in such state; or upon the Commissioner of Insurance of the State of Texas; or upon the duly appointed Attorney-In-Fact for State Farm Lloyds at Richardson, Texas. Underwriters at State Farm Lloyds have complied with the laws of the State of Texas regulating Lloyds plan insurance and said statutes are hereby made a part of the policy. The entire assets of State Farm Lloyds supports its policies, but each individual underwriter's liability is several and not joint and is limited by law to the amount fixed by his/her underwriter's contract and subscription and no underwriter is liable as a partner. This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no agent or other representative of State Farm Lloyds shall have the power to waive any provision or condition of this policy. This policy is non-assessable and no contingent liability of any kind and character attaches to the insured named herein.

In Witness Whereof, State Farm Lloyds has caused this policy to be signed by its President and Secretary.

State Farm Lloyds

By:

Secretary
State Farm Lloyds, Inc.
Attorney-In-Fact

President
State Farm Lloyds, Inc.
Attorney-In-Fact

MAR 13 2017

Prepared
MAR 13 2017
CMP-4000

035615

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

Continued on Next Page

Page  6 of  7

**RENEWAL DECLARATIONS (CONTINUED)**

Businessowners Policy for AMERICAN BANK NA
Policy Number          90-J2-2658-2



**NOTICE TO POLICYHOLDER:**

For a comprehensive description of coverages and forms, please refer to your policy.

Policy changes requested before the "Date Prepared", which appear on this notice, are effective on the Renewal Date of this policy unless otherwise indicated by a separate endorsement, binder, or amended declarations. Any coverage forms attached to this notice are also effective on the Renewal Date of this policy.

Policy changes requested after the "Date Prepared" will be sent to you as an amended declarations or as an endorsement to your policy. Billing for any additional premium for such changes will be mailed at a later date.

If, during the past year, you've acquired any valuable property items, made any improvements to insured property, or have any questions about your insurance coverage, contact your State Farm agent.

Please keep this with your policy.

Prepared
MAR 13 2017
CMP-4000
035616 294
N

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.
EXHIBIT "A"

90-J2-2658-2

035616

EXHIBIT "A"

**STATE FARM LLOYDS**
*A LLOYDS COMPANY IN RICHARDSON, TEXAS*

Po Box 853925
Richardson, TX 75085-3925

**INLAND MARINE ATTACHING DECLARATIONS**

| Policy Number | 90-J2-2658-2 |
|---|---|

| Policy Period | Effective Date | Expiration Date |
|---|---|---|
| 12 Months | MAY 26 2017 | MAY 26 2018 |

The policy period begins and ends at 12:01 am standard time at the premises location.

M-25-8295-FB0A F N

**Named Insured**

DINGER, JEFFERY
DBA CINEMA 4
PO BOX 634
ROCKPORT TX  78381-0634

## ATTACHING INLAND MARINE

**Automatic Renewal -** If the policy period is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Annual Policy Premium**          Included

The above Premium Amount is included in the Policy Premium shown on the Declarations.

Your policy consists of these Declarations, the INLAND MARINE CONDITIONS shown below, and any other forms and endorsements that apply, including those shown below as well as those issued subsequent to the issuance of this policy.

**Forms, Options, and Endorsements**

| | |
|---|---|
| FE-8739 | Inland Marine Conditions |
| FE-6865 | Amend of Inland Marine Condns |
| FE-8743 | Inland Marine Computer Prop |

See Reverse for Schedule Page with Limits

Prepared
MAR 13 2017
FD-6007

035617

© Copyright, State Farm Mutual Automobile Insurance Company, 2008.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

EXHIBIT "A"

530-686 a.2 05-31-2011 (off2232c)

90-J2-2658-2

## ATTACHING INLAND MARINE SCHEDULE PAGE

**ATTACHING INLAND MARINE**

| ENDORSEMENT NUMBER | COVERAGE | LIMIT OF INSURANCE | DEDUCTIBLE AMOUNT | ANNUAL PREMIUM |
|---|---|---|---|---|
| FE-8743 | Inland Marine Computer Prop | $ 25,000 | $ 500 | Included |
|  | Loss of Income and Extra Expense | $ 25,000 |  | Included |

MAR 13 2017

─── OTHER LIMITS AND EXCLUSIONS MAY APPLY - REFER TO YOUR POLICY ───

© Copyright, State Farm Mutual Automobile Insurance Company, 2008
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Prepared
MAR 13 2017
FD-6007

035617

EXHIBIT "A"

530-695 a.2 05-31-2011 (o1f3223c)

# EXHIBIT 1-B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19465023**
**Date Processed: 03/07/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Jeffrey Dinger dba Cinema 4 vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Aransas County District Court, TX |
| **Case/Reference No:** | 19-0056 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/07/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Andrew P. Slania<br>713-554-9099 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT 1-C

CAUSE NO. 19-0056

| | | |
|---|---|---|
| JEFFREY DINGER DBA CINEMA 4 AND | § | IN THE DISTRICT COURT |
| ROCKPORT CINEMA, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 343RD JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant. | § | ARANSAS COUNTY, TEXAS |

DEFENDANT'S ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES

NOW COMES Defendant State Farm Lloyds ("State Farm") and files this Original

Answer and Affirmative Defenses and would show the Court as follows:

I.
GENERAL DENIAL

1.    Reserving the right to file other further pleadings, exceptions and/or denials, Defendant

generally denies each and every material allegation contained in Plaintiffs' Original Petition and

demands strict proof thereof in accordance with the law and the Texas Rules of Civil Procedure.

II.
DEFENSES

2.    Defendant denies that notice and/or proof of loss or claim for damages has been given as

required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as

required by TEX. INS. CODE §541.154 and §542A.003. Specifically, Plaintiffs sent State Farm a

letter that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide State

Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead reciting

general violations as set out by the Texas Insurance Code, (2) Plaintiffs failed to provide the

specific amount alleged to be owed for their loss of income and/or business interruption claim,

(3) Plaintiffs also failed to provide the amount of reasonable and necessary attorney's fees

Electronically Filed
3/29/2019 11:16 AM
District Clerk, Pam Heard
Aransas County, Texas
By: Suzy Ward

incurred by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services. TEX. INS. CODE §542A.003.

3.      Plaintiffs' counsel's notice letter also fails to state Plaintiffs were provided with a copy of the notice as required by TEX. INS. CODE §542A.

4.      Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

5.      Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

6.      Defendant denies Plaintiffs have performed the conditions precedent to bringing suit.

7.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

8.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiffs.

9.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it knowingly violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

10.     Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it intentionally violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

11.     Plaintiffs' claim was properly adjusted in compliance with the applicable policy of insurance and applicable statutes.

12.     Because Plaintiffs failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract.

13.     Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following:  Plaintiffs' failed to promptly notify Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of her alleged damages that are covered from the portion that is not covered.

14.     To the extent that Plaintiffs pray for exemplary damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiffs' pleading of exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments inasmuch as exemplary damages can be assessed:

     a.  In an amount left to the discretion of the jury and judge;

     b.  In assessing such penalty or exemplary awards, Plaintiffs need only prove the theory of gross negligence on a "clear and convincing evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

     c.  The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards.  Therefore, the awards are unduly vague and do not meet the requirements of due process; and

d. In essence, Defendants are subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal, criminal fines, but Defendants receive none of the basic rights afforded to a criminal when being subjected to possible criminal penalties.

15. To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

16. With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

17. Plaintiffs' claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiffs did not provide a written notice of claim reasonably apprising Defendant of the facts relating to the claim.

18. Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit. Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. See TEX. INS. CODE §541.154(a) and §542A.003. Plaintiffs have failed to provide Defendant notice as required by

Chapter 541 and 542A of the Texas Insurance Code.

19.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

20.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductibles.

21.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has made to or on behalf of Plaintiffs under the policy at issue in this lawsuit, arising from the claim made the basis of this lawsuit.

22.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

23.     Plaintiffs' claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy.

24.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to Business Personal Property, Loss of Income, Confirmation of Income Period of Restoration, Extra Expense, the following:

**SECTION I CONDITIONS**

1.  **Property Loss Conditions**

    c. **Duties In the Event of Loss**
        1. You must see that the following are done in the event of loss to Covered Property:

a) Notify the police if a law may have been broken.
b) Give us prompt notice of the loss. Include a description of the property involved.

c) As soon as possible, give us a description of how, when and where the loss occurred.

d) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your emergency and temporary repair expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of **SECTION 1 – PROPERTY**.

However, we will not pay for any subsequent loss resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

e) At our request, give us complete inventories of the damaged and undamaged property, include quantities, costs, values and amount of loss claimed.

f) As often as may be reasonably required, permit us to inspect the property proving the loss and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

g) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

h) Cooperate with us in the investigation or settlement of the claim.

i) Resume all or part of your "operations" as quickly as possible.

2.      We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Defendant asserts Plaintiffs failed to provide the requirement comply with their duties after loss in that they did not provide the itemizations, information, documentation, property, proof of loss of income, confirmation of income period restoration or other information as requested and required.

25.     A bona fide/legitimate dispute exists precluding Plaintiffs from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, or under any other statutory or common law authority.

26.     Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

27.     Defendant further asserts that Plaintiffs' claim for attorney's fees are barred in whole or in part by the doctrine of excessive demand. Plaintiffs made a demand pursuant to the Texas Deceptive Trade Practices Act and Texas Insurance Code. Defendant would show that this is an unreasonable and excessive demand.

28.     Defendant also asserts the Legal Action Against Us provision of the policy which precludes Plaintiffs' suit against Defendant unless there has bee full compliance with all of the terms of the insurance and the action is brought within 2 years after the date on which the accidental direct physical loss occurred.

## III.

## TRCP 193.7 NOTICE

29.     Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiffs in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiff in any pretrial proceeding or trial of this case.

## IV.
## PRAYER

        WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** prays for judgment of the Court that Plaintiffs take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may be justly entitled.

                                Respectfully submitted,

                                **RAMÓN | WORTHINGTON, PLLC**
                                900 Kerria Ave.
                                McAllen, Texas 78501
                                Telephone: 956-294-4800
                                Facsimile: 956-928-9564

                                /s/ *Elizabeth Sandoval Cantu*
                                Sofia A. Ramon
                                Texas Bar No. 00784811
                                sramon@ramonworthington.com
                                Dan K. Worthington
                                Texas Bar No. 00785282
                                dworthington@ramonworthington.com
                                Elizabeth Sandoval Cantu
                                Texas Bar No. 24013455
                                ecantu@ramonworthington.com
                                Sarah A. Nicolas
                                State Bar No. 24013543
                                snicolas@ramonworthington.com
                                Stephen W. Bosky
                                Texas Bar No. 24087190
                                sbosky@ramonworthington.com

Electronic Service to:
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 29, 2019, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Jeffrey L Raizner
Andrew P. Slania
Amy B. Hargis
Ben Wickert
RAIZNER SLANIA, LLP
2402 Dunlavy Street
Houston, Texas 77006
T:  713-554-9099
F:  713-554-9098
efile@raiznerlaw.com
**Counsel for Plaintiff**

 /s/ *Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

# EXHIBIT 1D

CAUSE NO. 19-0056

| | | |
|---|---|---|
| **JEFFREY DINGER DBA CINEMA 4 AND** | § | **IN THE DISTRICT COURT** |
| **ROCKPORT CINEMA, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **343RD JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | **ARANSAS COUNTY, TEXAS** |

### DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant State Farm Lloyds ("State Farm") and files this First Amended Original Answer and Affirmative Defenses and would show the Court as follows:

## I.
### GENERAL DENIAL

1.      Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and any subsequent amendments thereto, and demands strict proof thereof in accordance with the law and the Texas Rules of Civil Procedure.

## II.
### DEFENSES

2.      Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Specifically, Plaintiffs sent State Farm a letter that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead reciting general violations as set out by the Texas Insurance Code, (2) Plaintiffs failed to provide the specific amount alleged to be owed for their loss of income and/or business interruption claim, (3)

Electronically Filed
4/2/2019 5:19 PM
District Clerk, Pam Heard
Aransas County, Texas
By: Betty Watson

Plaintiffs also failed to provide the amount of reasonable and necessary attorney's fees incurred by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.  TEX. INS. CODE §542A.003.

3.      Plaintiffs' counsel's notice letter also fails to state Plaintiffs were provided with a copy of the notice as required by TEX. INS. CODE §542A.

4.      State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

5.      Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

6.      Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

7.      Defendant denies Plaintiffs have performed the conditions precedent to bringing suit.

8.     Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

9.     Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiffs.

10.    Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it knowingly violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

11.    Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it intentionally violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

12.    Plaintiffs' claim was properly adjusted in compliance with the applicable policy of insurance and applicable statutes.

13.    Because Plaintiffs failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract.

14.    Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following:  Plaintiffs' failed to promptly notify Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of her alleged damages that are covered from the portion that is not covered.

15.    To the extent that Plaintiffs pray for exemplary damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiffs' pleading of exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments inasmuch as exemplary damages can be assessed:

        a.   In an amount left to the discretion of the jury and judge;

b.   In assessing such penalty or exemplary awards, Plaintiffs need only prove the theory of gross negligence on a "clear and convincing evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

c.   The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards.  Therefore, the awards are unduly vague and do not meet the requirements of due process; and

d.   In essence, Defendants are subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal, criminal fines, but Defendants receive none of the basic rights afforded to a criminal when being subjected to possible criminal penalties.

16.    To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

17.    With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

18.    Plaintiffs' claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiffs did not provide a written notice of claim reasonably apprising Defendant of the facts relating to the claim.

19.    Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in

order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit.  See Tex. Ins. Code §541.154(a) and §542A.003. Plaintiffs have failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

20.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

21.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductibles.

22.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has made to or on behalf of Plaintiffs under the policy at issue in this lawsuit, arising from the claim made the basis of this lawsuit.

23.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

24.     Plaintiffs' claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy.

25.     Defendant hereby also asserts all conditions of the policy at issue including but not limited

to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to Business Personal Property, Loss of Income, Confirmation of Income Period of Restoration, Extra Expense, the following:

**SECTION I CONDITIONS**

1. **Property Loss Conditions**

    c. **Duties In the Event of Loss**

        1. You must see that the following are done in the event of loss to Covered Property:

            a) Notify the police if a law may have been broken.
            b) Give us prompt notice of the loss. Include a description of the property involved.

            c) As soon as possible, give us a description of how, when and where the loss occurred.

            d) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your emergency and temporary repair expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of **SECTION 1 – PROPERTY**.

            However, we will not pay for any subsequent loss resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

            e) At our request, give us complete inventories of the damaged and undamaged property, include quantities, costs, values and amount of loss claimed.

            f) As often as may be reasonably required, permit us to inspect the property proving the loss and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

            g) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

h) Cooperate with us in the investigation or settlement of the claim.

i) Resume all or part of your "operations" as quickly as possible.

2.      We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Defendant asserts Plaintiffs failed to provide the requirement comply with their duties after loss in that they did not provide the itemizations, information, documentation, property, proof of loss of income, confirmation of income period restoration or other information as requested and required.

26.     A bona fide/legitimate dispute exists precluding Plaintiffs from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, or under any other statutory or common law authority.

27.     Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

28.     Defendant further asserts that Plaintiffs' claim for attorney's fees are barred in whole or in part by the doctrine of excessive demand. Plaintiffs made a demand pursuant to the Texas Deceptive Trade Practices Act and Texas Insurance Code. Defendant would show that this is an unreasonable and excessive demand.

29.     Defendant also asserts the Legal Action Against Us provision of the policy which precludes

Plaintiffs' suit against Defendant unless there has been full compliance with all of the terms of the insurance and the action is brought within 2 years after the date on which the accidental direct physical loss occurred.

30.     Plaintiff Rockport Cinema, Inc. is not a named insured, additional insured, or otherwise entitled to recover any damages under policy no. 90-J2-2658-2.  Plaintiff Rockport Cinema, Inc. has no right to recover any damages in this lawsuit.

### III.
### TRCP 193.7 NOTICE

31.     Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiffs in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiff in any pretrial proceeding or trial of this case.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** prays for judgment of the Court that Plaintiffs take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may be justly entitled.

*(signatures on next page)*

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

/s/ *Elizabeth Sandoval Cantu*
Sofia A. Ramon
Texas Bar No. 00784811
sramon@ramonworthington.com
Dan K. Worthington
Texas Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
Texas Bar No. 24013455
ecantu@ramonworthington.com
Sarah A. Nicolas
State Bar No. 24013543
snicolas@ramonworthington.com
Stephen W. Bosky
Texas Bar No. 24087190
sbosky@ramonworthington.com
Electronic Service to:
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2019, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Jeffrey L Raizner
Andrew P. Slania
Amy B. Hargis
Ben Wickert
RAIZNER SLANIA, LLP
2402 Dunlavy Street
Houston, Texas 77006
T:  713-554-9099
F:  713-554-9098
efile@raiznerlaw.com
**Counsel for Plaintiff**

/s/ *Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

# EXHIBIT 1-E



All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
iDocket.com

View Case Track™                        Start Case Track™

Civil Docket; Case 19-0056; Contract - Other
JEFFREY DINGER DBA CINEMA 4, ROCKPORT CINEMA vs STATE FARM LLOYDS
Filed 02/21/2019 - Disposition:
343rd District Court, District Clerk, Aransas County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 02/21/2019 | Original Petition (OCA) | | " | .00 |
| 02/21/2019 | E-filed Original Petition Document Plaintiffs' Original Petition and Jury Demand | | " | .00 |
| 02/22/2019 | Jury Demand | | " | .00 |
| 02/22/2019 | Citation ISSUED AWAITING PICKUP OR SASE | | " | .00 |
| 03/12/2019 | Citation Returned Served AFFIDAVIT OF SERVICE- STATE FARM LLOYD 'S | | " | .00 |
| 03/29/2019 | Answer Df's Original Answer and Affirmative D efenses | | " | .00 |
| 04/02/2019 | Amended Document DEFENDANT'S FIRST AMENDED ORIGINAL ANS WER AND AFFIRMATIVE DEFENSES - Elizabe th Sandoval Cantu, Attorney For State Farm Lloyds | | " | .00 |

Search | Case History | Parties | Attorneys                    [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.                    User ID: rwlawfirm
Unauthorized access is prohibited. Usage will be monitored.  Viewed as of: April 4, 2019, time: 13:18:32
Agreements